[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 27, 2009
THOMAS K. KAHN
CLERK

No. 09-10404
Non-Argument Calendar
_____

D. C. Docket No. 07-80850-CV-KAM

KB HOME,
a Delaware corporation,
KB HOME TREASURE COAST LLC,
a Delaware Limited Liability Company,

Plaintiffs-Appellants,
Cross-Appellees,

versus

THE TRAVELERS INSURANCE COMPANY,
a foreign corporation,
ST. PAUL FIRE AND MARINE INSURANCE COMPANY,
a foreign corporation,

Defendants-Appellees,

ST. PAUL MERCURY INSURANCE COMPANY,
a foreign corporation,

Defendant-Appellee,
Cross-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(July 27, 2009)

Before BIRCH, HULL and HILL, Circuit Judges.

PER CURIAM:

This appeal challenges the district court's order granting partial summary judgment to defendants St. Paul Fire & Marine Insurance Company, St. Paul Mercury Insurance Company, and The Travelers Insurance Company, holding that they are not liable under the employment discrimination insurance policy issued by them to the plaintiffs, KB Home and KB Home Treasure Coast, LLC.[1] The district court held that three of the four claims against plaintiffs, for which they now seek coverage, either did not arise during the effective period of the policy or were interrelated with and, therefore, related back to the initial claim that arose before the effective date of the policy.

Defendants cross-appeal the district court's partial grant of summary judgment to plaintiffs, holding that the fourth employment claim against plaintiffs is covered by the policy because the incidents complained of and the time-frame alleged in this fourth complaint show that this claim arose during the effective period of coverage and is not interrelated to the other three time-barred charges, and is, therefore, covered by the policy.

---

[1]For a full explanation of the facts of this case, see the district court's opinion at No. 07-80850, 2008 WL 5263420 (S.D. Fla. Dec. 17, 2008).

2

We have reviewed the briefs and the record and find no error in the district court's interpretation of the policy, analysis of the discrimination claims, or application of the law. There is no dispute that the first discrimination charge was filed with the Broward County Civil Rights Division and that this charge was "dual-filed" with the local office of the Equal Employment Opportunity Commission on that date, and that notice of the filing, along with a copy of the actual discrimination charges, was sent to plaintiffs prior to the effective date of the policy. The district court correctly concluded that this notice to plaintiffs of the claim against them satisfied the policy language excluding the claim. Therefore, this claim was not covered by the policy.

The district court's finding that the second and third charges were "interrelated" with the initial claim because they were related to the same incident is not erroneous. The district court correctly concluded that these claims are not covered by the policy.

Finally, the district court did not err in finding that the fourth claim, based upon different incidents and different time-frames, is unrelated to the initial charge. Therefore, the district court correctly concluded that this claim is covered by the policy. [2]

---

[2] Appellants' motion to strike appellee-cross-appellant's reply brief is denied.

Accordingly, the judgment of the district court is due to be

AFFIRMED.